IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Case No. 5:21-cv-361

| | | |
|---|---|---|
| DISABILITY RIGHTS NORTH CAROLINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH CAROLINA STATE BOARD OF | ) | |
| ELECTIONS, KAREN BRINSON BELL, in her | ) | |
| official capacity as Executive Director of the | ) | **COMPLAINT** |
| NCSBOE, DAMON CIRCOSTA, in his official | ) | **(Jury Trial Demanded)** |
| capacity as Chair of the NCSBOE, STELLA | ) | |
| ANDERSON, in her official capacity as | ) | |
| Secretary of the NCSBOE, JEFF CARMON III, | ) | |
| in his official capacity as Member of the | ) | |
| NCSBOE, STACY EGGERS IV, in his official | ) | |
| capacity as Member of the NCSBOE, and | ) | |
| TOMMY TUCKER, in his official capacity as | ) | |
| Member of the NCSBOE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

1.      Section 208 of the Voting Rights Act, 52 U.S.C. § 10508, mandates that voters with disabilities who need assistance with voting must be permitted their choice of assistant, so long as the assistant is not their employer or union officer. North Carolina law violates Section 208 of the Voting Rights Act by limiting the assistance available to voters with disabilities who need assistance obtaining an absentee ballot, and by prohibiting voters with disabilities living in facilities from relying on any person associated with the facility for assistance with any of the steps required to vote absentee. Plaintiff brings this action to enforce the federal right of voters with disabilities to rely on the assistant of their choosing when they vote.

1

## JURISDICTION AND VENUE

2.      Plaintiff brings this action pursuant to the Supremacy Clause, U.S. Const. Art. VI, Cl. 2, Section 208 of the Voting Rights Act, 52 U.S.C. § 10508, and 42 U.S.C. § 1983, *et seq*.

3.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

4.      Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

5.      Venue is appropriate in the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions that gave rise to Plaintiff's claim occurred within this District and Defendants' principal office and place of business is in this District.

## PARTIES

6.      Plaintiff Disability Rights North Carolina ("DRNC") is an independent non-profit corporation organized under the laws of the State of North Carolina. DRNC is a Protection and Advocacy system ("P&A"), as that term is defined under the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15041 *et seq.*, the Protection and Advocacy for Individuals with Mental Illness Act of 1986, 42 U.S.C. § 10801 *et seq.*, and the Protection and Advocacy of Individual Rights Act, 29 U.S.C. § 794e *et seq.*, with offices in the State of North Carolina located at 3724 National Dr., Suite100, Raleigh, NC 27612.

7.      As North Carolina's P&A, DRNC is specifically authorized to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of individuals with disabilities. 42 U.S.C. § 15043(a)(2)(A)(i).

8.      Defendant North Carolina State Board of Elections ("NCSBE") is the State agency responsible for managing and supervising elections in North Carolina.

2

9.     NCSBE is responsible for ensuring that North Carolina operates elections in conformity with state and federal law, including Section 208 of the Voting Rights Act.

10.    Defendant Karen Brinson Bell is sued in her official capacity as the Executive Director of the NCSBE.

11.    Defendant Damon Circosta is sued in his official capacity as the Chair of the NCSBE.

12.    Defendant Stella Anderson is sued in her official capacity as the Secretary of the NCSBE.

13.    Defendants Jeff Carmon III, Stacy Eggers IV, and Tommy Tucker are sued in their official capacity as members of the NCSBE.

14.    All Defendants are "persons" for purposes of 42 U.S.C. § 1983.

15.    Defendants are sued pursuant to the Voting Rights Act and 42 U.S.C. § 1983 for declaratory and injunctive relief for actions taken under color of state law that violate Section 208 of the Voting Rights Act and deprive voters with disabilities of the right to rely on the assistant of their choosing when they vote. Plaintiff does not seek monetary relief.

## FACTS

16.    In order to vote absentee in North Carolina, a voter must: (1) obtain an absentee ballot request form; (2) complete and return the absentee ballot request form; (3) receive the absentee ballot form in the mail; and (4) complete and mail the absentee ballot. Each step occurs at a different time during the weeks and months leading up to an election.

17.    Depending on an individual's disability, those who need assistance may need assistance with some or all steps of the absentee voting process.

3

18.     In recognition that voters with disabilities may require assistance with voting,

Congress mandated that:

> Any voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union.

52 U.S.C. § 10508.

19.     North Carolina law restricts who may assist an individual in obtaining an absentee

ballot:

> A request for absentee ballots is not valid if . . .  [t]he completed written request is completed, partially or in whole, or signed by anyone other than the voter, or the voter's near relative or verifiable legal guardian.

N.C. Gen. Stat. § 163-230.2(e). The same limitation applies with regard to requesting a ballot

through an online portal. N.C. Gen. Stat. § 163-230.3.

20.      N.C. Gen. Stat. §§ 163-230.2(e) and 230.3 proscribe and circumscribe who may

assist in requesting an absentee ballot, denying voters with disabilities their choice of assistant in

requesting an absentee ballot.

21.     It is also illegal under North Carolina law

> [f]or any owner, manager, director, employee, or other person, other than the voter's near relative or verifiable legal guardian, to (i) **make a written request** pursuant to G.S. 163-230.1 [for an absentee ballot] or (ii) **sign an application or certificate as a witness**, on behalf of a registered voter, <u>who is a patient in any hospital, clinic, nursing home or rest home</u> in this State or for any owner, manager, director, employee, or other person other than the voter's near relative or verifiable legal guardian, to mark the voter's absentee ballot **or assist such a voter in marking an absentee ballot**.

N.C. Gen. Stat. § 163-226.3(a)(4) (2021) (emphases added).

4

22. There are thousands of individuals with disabilities in North Carolina living in a "hospital, clinic, nursing home or rest home" (hereinafter "congregate setting").

23. Many individuals with disabilities living in congregate settings need assistance with voting because of their disabilities.

24. A voter with a disability living in a congregate setting is prohibited by state law to

> permit another person to assist the voter in marking that voter's absentee ballot, to be in the voter's presence when a voter votes an absentee ballot, or to observe the voter mark that voter's absentee ballot.

N.C. Gen. Stat. § 163-226.3(a)(6).

25. A voter with a disability living in a congregate setting also is barred from requesting help with mailing a ballot from an individual affiliated with the facility in which the voter lives, even if the ballot envelope is sealed. N.C. Gen. Stat. § 163-231(b)(1).

26. Facility staff are often the only reliable assistants available to an individual with a disability living in a facility and are often residents' most consistent and trusted source of assistance.

27. The ballot request provisions of N.C. Gen. Stat. §§ 163-230.1, 230.2, and 230.3, the ballot completion provisions of N.C. Gen. Stat. § 163-226.3, and the ballot delivery provision of N.C. Gen. Stat. § 163-231(b)(1) directly contravene Section 208 of the Voting Rights Act by limiting the ability of individuals with disabilities to "be given assistance by a person of the voter's choice."

28. Section 208 of the Voting Rights Act confers rights on all voters with disabilities.

29. The above provisions of state law create a barrier to absentee voting for voters with disabilities who need assistance with voting.

5

30.     Impairing the right to an assistant of the voter's choosing in the absentee voting process limits the rights of all voters with disabilities who may need assistance with absentee voting in any election in which they may choose to vote absentee.

31.     All North Carolina voters with disabilities are constituents of Plaintiff DRNC. As a P&A, Plaintiff DRNC is accountable to members of the disability community and is authorized under federal law to represent the interests of North Carolinians with disabilities.

32.     Protecting the voting rights of individuals with disabilities is germane to Plaintiff DRNC's purpose.

33.     One or more of Plaintiff DRNC's constituents would have standing to redress the violations complained of herein.

34.     On behalf of its constituents with disabilities who are being denied their federally protected right to elect to vote absentee with an assistant of their choosing, each of whom would have standing to challenge the infringement of the rights conferred by Section 208 of the Voting Rights Act, Plaintiff DRNC seeks to end the impairment of constituents' rights under Section 208 of the Voting Rights Act.

35.     Plaintiff DRNC has experienced a frustration of its mission to promote voting by people with disabilities by the barriers created by the above-referenced violations of Section 208. The functioning of Plaintiff DRNC's voting work is impaired by these same barriers.

36.     Plaintiff DRNC engages in a variety of work to promote voting by people with disabilities, including those living in congregate settings.

37.     Over the course of several years preceding the filing of this Complaint, Plaintiff DRNC has:

    a.  Engaged in voter registration of people with disabilities;

b. Compiled and issued non-partisan voter guides, including the distribution of these guides to congregate settings and other locations;

c. Operated a summer intern program specifically targeted at registration and voter engagement of people with disabilities;

d. Engaged in get-out-the-vote efforts, and efforts to protect the votes of voters with disabilities in congregate settings during vote canvassing;

e. Advocated for adequate staffing of Multi-partisan Assistance Teams ("MAT") by county boards of elections so that such teams could provide assistance to voters with disabilities living in congregate settings;

f. Engaged in an awareness campaign to ensure that congregate care facilities made early contacts and requests for assistance to their county's MAT;

g. Fielded and attempted to address concerns from facilities and individuals where voters' ability to cast absentee ballots was frustrated by unavailability or inadequacy of MATs and the above prohibitions on who may provide assistance to certain voters with disabilities; and

h. Litigated access to absentee voting for blind voters.

38. Plaintiff DRNC has diverted resources because of the continued barriers to voting created by the above provisions of North Carolina law. Plaintiff DRNC has spent staff time attempting to address the unavailability of MATs as an alternative source of assistance, including extensive communications with the 100 county boards and the State Board of Elections regarding the need to staff MATs and identified deficiencies during election cycles. Plaintiff DRNC has worked with facilities and long-term care ombudsmen to help identify alternative means to enable facility residents to vote. Plaintiff DRNC has pursued legislative and executive

7

advocacy to address the current violation of Section 208 of the Voting Rights Act. Plaintiff DRNC has provided direct assistance with voter registration and voting by people in facilities because of the legal barriers to assistance by congregate care staff.

### CLAIM FOR RELIEF
(Voting Rights Act, 52 U.S.C. § 10508 and 42 U.S.C. § 1983)

39.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if specifically alleged herein.

40.    Plaintiff brings this action pursuant to 52 U.S.C. § 10508 and 42 U.S.C. § 1983 and the Supremacy Clause of the U.S. Constitution to redress the above violation of rights protected by Section 208 of the Voting Rights Act.

41.    Provisions of N.C. Gen. Stat. §§ 163-226.3, 230.1, 230.2, 230.3, and 163-231(b)(1), as applied to voters with disabilities who need assistance with voting, directly conflict with Section 208 of the Voting Rights Act.

42.    Defendants have acted under color of state law to infringe the rights of voters with disabilities to rely on the assistant of their choice in voting.

43.    Plaintiff is entitled to a declaration that the provisions of N.C. Gen. Stat. §§ 163-226.3, 230.1, 230.2, 230.3, and 163-231(b)(1) violate Section 208 of the Voting Rights Act, as applied to voters with disabilities who need assistance with voting. Plaintiff is entitled to an injunction barring enforcement of those sections as to the selection of assistants by voters with disabilities. Plaintiff is entitled to declaratory and injunctive relief to remedy Defendants' infringement on the rights protected by Section 208 of the Voting Rights Act.

44.    Plaintiff is also entitled to recover costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 52 U.S.C. § 10310.

WHEREFORE, Plaintiff requests the Court to provide relief as set forth below:

      1.     A declaration that Defendants have violated and continue to violate Section 208 of the Voting Rights Act by infringing on the rights of voters with disabilities to receive assistance from the person of their choice;

      2.     An injunction prohibiting Defendants from limiting the choice of assistants available to voters with disabilities, or otherwise infringing the rights of voters with disabilities under Section 208 of the Voting Rights Act;

      3.     An award of Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and 52 U.S.C. § 10310; and

      4.     Such other and further relief as the Court may deem just and proper.


This 9th day of September, 2021.

Respectfully submitted,

/s/ Lisa Grafstein
Lisa Grafstein
lisa.grafstein@disabilityrightsnc.org
N.C. State Bar No. 22076

Holly Stiles
holly.stiles@disabilityrightsnc.org
N.C. State Bar No. 38930

DISABILITY RIGHTS NC
3724 National Drive, Suite 100
Raleigh, NC 27612
Phone: (919) 856-2195
Fax:    (919) 856-2244

Case 5:21-cv-00361-BO   Document 1   Filed 09/09/21   Page 9 of 9